# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| DYSON, INC. and<br>DYSON TECHNOLOGY LIMITED,<br><br>     *Plaintiffs*,<br><br>    v.<br><br>SHARKNINJA OPERATING LLC,<br>SHARKNINJA SALES COMPANY, and<br>SHARKNINJA INC.,<br><br>and<br><br>OMACHRON ALPHA INC. and<br>OMACHRON INTELLECTUAL<br>PROPERTY INC.<br><br>     *Defendants*. | C.A. No. 1:24-cv-12373<br><br>**JURY TRIAL DEMANDED** |

**SHARKNINJA AND OMACHRON'S ANSWER TO DYSON'S
COMPLAINT FOR PATENT INFRINGEMENT**

Defendants SharkNinja Operating LLC, SharkNinja Sales Company, and SharkNinja Inc. (collectively, "SharkNinja"), as well as Omachron Alpha Inc. ("Omachron Alpha") and Omachron Intellectual Property Inc. ("Omachron IP" and together with Omachron Alpha, "Omachron"), through their undersigned attorneys, respectfully submit their Answer, Defenses and Counter-Counterclaims to Dyson, Inc. ("Dyson US") and Dyson Technology Limited's ("Dyson UK") (collectively, "Dyson" or "Counterclaim Plaintiffs") Patent Infringement Claims, first filed as counter-claims on May 10, 2024, and re-filed pursuant to the Court's order on September 16, 2024, as follows.

Anything alleged by Dyson in the Complaint for Patent Infringement that is not expressly admitted is hereby denied. Any express admission below is admitted only as to the particularly

identified fact(s) and not as to any purported conclusions, characterizations, implications, or speculations that may arguably follow from the admitted fact(s). SharkNinja and Omachron further deny that Dyson is entitled to the relief requested or any other relief.

Dyson's claims in the Complaint for Patent Infringement are subject to the Court's order granting Plaintiffs' Motion to Sever Defendant's Infringement Counterclaims (ECF No. 168). The Court ordered that the counterclaims set forth as Counts XXV–XXVII are "hereby severed and shall proceed in a new independent action before this Court." Defendants were further "directed to open a new case related to this case," and subsequently opened the above-captioned related case on September 14, 2024.

### Response to "NATURE OF THE ACTION "

1.      Paragraph 1 alleges legal conclusions to which no response is required. However, SharkNinja and Omachron admit that the Complaint purports to be a patent infringement action arising under the Patent Laws of the United States, 35 U.S.C. §§ 271 and 281, et seq. SharkNinja and Omachron deny that Dyson has stated a legally sufficient claim for patent infringement, and further specifically deny any infringement.

2.      SharkNinja and Omachron deny that Dyson has stated a legally sufficient claim for patent infringement, and further specifically deny any infringement.

### Response to "PARTIES"

3.      SharkNinja and Omachron are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and on that basis denies the allegations of Paragraph 1.

4.      SharkNinja and Omachron are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and on that basis denies the allegations of Paragraph 2.

5.     Admitted.

6.     Admitted.

7.     Admitted.

8.     Admitted.

9.     Admitted.

### Response to "JURISDICTION AND VENUE"

10.     SharkNinja and Omachron do not contest subject matter jurisdiction over the Counterclaims. SharkNinja and Omachron deny any acts of infringement alleged in the Counterclaims.

11.     SharkNinja Operating LLC and SharkNinja Sales Company admit that they have a principal place of business in this District. SharkNinja, Inc. admits that it has its principal executive offices in this District. SharkNinja Operating LLC, SharkNinja Sales Company, and Omachron admit that they filed their Complaint in this District. SharkNinja and Omachron admit that they are not contesting personal jurisdiction for the purposes of this case only. SharkNinja and Omachron deny any acts of infringement and deny all remaining allegations of Paragraph 8.

12.     SharkNinja and Omachron admit that Paragraph 12 purports to quote from *SharkNinja Operating LLC v. Dyson, Inc.*, No. 1:23-cv-11277 (D. Mass), Dkt. 57 at 3, the contents of which speak for themselves.

13.     SharkNinja and Omachron admit that Paragraph 10 purports to characterize the contents of web links, the contents of which speak for themselves. SharkNinja, Inc. denies that it sells or offers to sell the accused products in this District, or elsewhere, or that the websites identified are websites of SharkNinja, Inc. SharkNinja and Omachron deny the remaining allegations in Paragraph 13.

14.     SharkNinja and Omachron admit that Paragraph 14 purports to quote from *SharkNinja Operating LLC v. Dyson, Inc.*, No. 1:23-cv-11277 (D. Mass), Dkt. 57 at 6–7, the contents of which speak for themselves.

15.     SharkNinja and Omachron deny the allegations of Paragraph 15.

16.     SharkNinja Inc., Omachron Alpha Inc., and Omachron Intellectual Property Inc. admit for purposes of this case only that they are subject to jurisdiction in Massachusetts pursuant to Fed R. Civ. P. 4(k)(2).  SharkNinja and Omachron deny the remaining allegations of Paragraph 16.

17.     SharkNinja and Omachron admit that they are not contesting personal jurisdiction for the purposes of this case only.  SharkNinja and Omachron deny all remaining allegations of Paragraph 17.

18.     SharkNinja Operating LLC and SharkNinja Sales Company admit that they have a principal place of business in this District.  SharkNinja Inc. admits that its principal executive offices are in this District.  SharkNinja and Omachron admit that they are not contesting venue for the purposes of this case only.  SharkNinja and Omachron deny any acts of infringement and deny all remaining allegations of Paragraph 18.

19.     SharkNinja and Omachron admit that they are not contesting venue for the purposes of this case only.  SharkNinja and Omachron deny any acts of infringement and deny all remaining allegations of Paragraph 19.

**Response to "THE ACCUSED VERTEX AND STRATOS CORDLESS VACUUMS"**

20.     SharkNinja and Omachron admit that Paragraph 20 purports to characterize screenshots, the contents of which speak for themselves.

21.     Admitted.

22.     SharkNinja and Omachron deny the allegations of Paragraph 22.

23.     SharkNinja and Omachron admit that Paragraph 23 purports to quote and characterize a screenshot, the contents of which speak for themselves.  SharkNinja and Omachron deny the remaining allegations in Paragraph 23.

### Response to "COUNT ONE: INFRINGEMENT OF U.S. PATENT NO. 9,021,655"

24.     SharkNinja and Omachron admit that Dyson purports to bring this Counterclaim.

25.     SharkNinja and Omachron repeat and re-allege the responses set forth in Paragraphs 1 through 24 as though set forth herein.

26.     SharkNinja and Omachron admit that on its face, the '655 Patent is titled "VACUUM CLEANING APPLIANCE," bears an issuance date of May 5, 2015, and that a copy of what purports to be the '655 Patent is attached as Exhibit 1.

27.     SharkNinja and Omachron are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 815, and on that basis denies the allegations of Paragraph 815.

28.     SharkNinja and Omachron are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and on that basis denies the allegations of Paragraph 816.

29.     SharkNinja and Omachron deny the allegations of Paragraph 29.

30.     SharkNinja and Omachron admit that Paragraph 30 purports to quote from a document, the contents of which speak for themselves. SharkNinja and Omachron deny the remaining allegations of Paragraph 30.

31.     SharkNinja and Omachron admit that Exhibit 2-3 purports to be a chart comparing claim 1 of the '655 Patent to exemplary vacuums.  SharkNinja and Omachron deny the remaining allegations of Paragraph 31.

32.     SharkNinja and Omachron deny the allegations of Paragraph 31.

33.    SharkNinja and Omachron deny the allegations of Paragraph 33.

34.    SharkNinja and Omachron deny the allegations of Paragraph 34.

35.    SharkNinja and Omachron deny the allegations of Paragraph 35.

36.    SharkNinja and Omachron deny the allegations of Paragraph 36.

37.    SharkNinja and Omachron deny the allegations of Paragraph 37.

38.    SharkNinja and Omachron deny the allegations of Paragraph 38.

**<u>Response to "COUNT TWO: INFRINGEMENT OF U.S. PATENT NO. 10,292,556"</u>**

39.    SharkNinja and Omachron admit that Dyson purports to bring this Counterclaim.

40.    SharkNinja and Omachron repeat and re-allege the responses set forth in Paragraphs 1 through 39 as though set forth herein.

41.    SharkNinja and Omachron admit that on its face, the '556 Patent is titled "CLEANER HEAD FOR A VACUUM CLEANER," bears an issuance date of May 21, 2019, and that a copy of what purports to be the '556 Patent is attached as Exhibit 4.

42.    SharkNinja and Omachron are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 830, and on that basis denies the allegations of Paragraph 42.

43.    SharkNinja and Omachron are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 831, and on that basis denies the allegations of Paragraph 43.

44.    SharkNinja and Omachron deny the allegations of Paragraph 44.

45.    SharkNinja and Omachron admit that Paragraph 45 purports to quote from a document, the contents of which speak for themselves. SharkNinja and Omachron deny the remaining allegations of Paragraph 45.

46.    SharkNinja and Omachron admit that Exhibit 5-6 purport to be a chart comparing

claim 1 of the '556 Patent to exemplary vacuums.  SharkNinja and Omachron deny the remaining allegations of Paragraph 46.

47.     SharkNinja and Omachron deny the allegations of Paragraph 47.

48.     SharkNinja and Omachron admit that Paragraph 48 purports to characterize the content of a document, the contents of which speak for themselves.  SharkNinja and Omachron deny the remaining allegations of Paragraph 48.

49.     SharkNinja and Omachron admit that Paragraph 49 purports to characterize the content of documents, the contents of which speak for themselves.  SharkNinja and Omachron deny the remaining allegations of Paragraph 49.

50.     SharkNinja and Omachron admit that Paragraph 50 purports to characterize the content of documents, the contents of which speak for themselves.  SharkNinja and Omachron deny the remaining allegations of Paragraph 50.

51.     SharkNinja and Omachron deny the allegations of Paragraph 51.

52.     SharkNinja and Omachron deny the allegations of Paragraph 52.

53.     SharkNinja and Omachron deny the allegations of Paragraph 53.

54.     SharkNinja and Omachron deny the allegations of Paragraph 54.

55.     SharkNinja and Omachron deny the allegations of Paragraph 55.

56.     SharkNinja and Omachron deny the allegations of Paragraph 56.

57.     SharkNinja and Omachron deny the allegations of Paragraph 57.

**Response to "COUNT THREE: INFRINGEMENT OF U.S. PATENT NO. 10,786,127"**

58.     SharkNinja and Omachron admit that Dyson purports to bring this Counterclaim.

59.     SharkNinja and Omachron repeat and re-allege the responses set forth in Paragraphs 1 through 58 as though set forth herein.

60.     SharkNinja and Omachron admit that on its face, the '127 Patent is titled

"CLEANER HEAD FOR A VACUUM CLEANER," bears an issuance date of September 29, 2020, and that a copy of what purports to be the '127 Patent is attached as Exhibit 7.

61.     SharkNinja and Omachron are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61, and on that basis denies the allegations of Paragraph 61.

62.     SharkNinja and Omachron are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62, and on that basis denies the allegations of Paragraph 62.

63.     SharkNinja and Omachron deny the allegations of Paragraph 63.

64.     SharkNinja and Omachron admit that Paragraph 64 purports to quote from a document, the contents of which speak for themselves. SharkNinja and Omachron deny the remaining allegations of Paragraph 64.

65.     SharkNinja and Omachron admit that Exhibit 8-9 purport to be a chart comparing claim 1 of the '127 Patent to exemplary vacuums.  SharkNinja and Omachron deny the remaining allegations of Paragraph 65.

66.     SharkNinja and Omachron deny the allegations of Paragraph 66.

67.     SharkNinja and Omachron admit that Paragraph 67 purports to characterize the content of a document, the contents of which speak for themselves.  SharkNinja and Omachron deny the remaining allegations of Paragraph 67.

68.     SharkNinja and Omachron admit that Paragraph 68 purports to characterize the content of documents, the contents of which speak for themselves.  SharkNinja and Omachron deny the remaining allegations of Paragraph 68.

69.     SharkNinja and Omachron admit that Paragraph 69 purports to characterize the

content of documents, the contents of which speak for themselves. SharkNinja and Omachron deny the remaining allegations of Paragraph 69.

70.     SharkNinja and Omachron deny the allegations of Paragraph 70.

71.     SharkNinja and Omachron deny the allegations of Paragraph 71.

72.     SharkNinja and Omachron deny the allegations of Paragraph 72.

73.     SharkNinja and Omachron deny the allegations of Paragraph 73.

74.     SharkNinja and Omachron deny the allegations of Paragraph 74.

75.     SharkNinja and Omachron deny the allegations of Paragraph 75.

76.     SharkNinja and Omachron deny the allegations of Paragraph 76.

## Response to "PRAYER FOR RELIEF"

No response is required to Dyson's request for relief. To the extent that a response is deemed required, Dyson is not entitled to the requested relief identified in its Prayer for Relief, or any other relief in connection with this civil action. Dyson's request should therefore be denied in its entirety and with prejudice.

## Response to "JURY DEMAND"

No response is required to Dyson's demand for a trial by jury in this case. To the extent a response is required, SharkNinja and Omachron admit that Dyson has requested a jury trial. If this case proceeds to trial, SharkNinja and Omachron also demand a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to the responses above, SharkNinja and Omachron allege and assert the following affirmative defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law and without reducing or removing Dyson's burden of proof on its affirmative claims against SharkNinja and Omachron, regardless of how such

defenses are denominated herein. In addition to the affirmative defenses described below, subject to their responses above, SharkNinja and Omachron specifically reserve all rights to add additional defenses and/or supplement its defenses, including (but not limited to) those related to the unenforceability of Dyson's Asserted Counterclaim Patents based on inequitable conduct, as SharkNinja and Omachron learn additional facts.

### FIRST DEFENSE: FAILURE TO STATE A CLAIM

Dyson's Counterclaims, and one or more claims for relief set forth therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE: NON-INFRINGEMENT

SharkNinja and Omachron do not infringe, have not infringed, and do not and have not induced infringement or contributed to infringement of any claim of Dyson's Asserted Counterclaim Patents under any theory, including literal infringement or infringement under the doctrine of equivalents.

### THIRD DEFENSE: INVALIDITY AND INELIGIBILITY

Each and every claim of Dyson's Asserted Counterclaim Patents are invalid and/or ineligible for failure to meet the conditions and requirements for patentability set forth, *inter alia*, in 35 U.S.C. § 101 *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH DEFENSE: NO WILLFUL INFRINGEMENT

Dyson is not entitled to enhanced damages under 35 U.S.C. § 284 because SharkNinja and Omachron have not intentionally, willfully, or deliberately infringed any claim of Dyson's Asserted Counterclaim Patents, or acted with egregious conduct.

### FIFTH DEFENSE: PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER

By virtue of statements, amendments made, and/or positions taken during prosecution of the application for Dyson's Asserted Counterclaim Patents and/or related patents or patent

applications, whether explicit or implicit, Dyson is barred from claiming that Dyson's Asserted Counterclaim Patents cover or include, either literally or by application of the doctrine of equivalents, any of SharkNinja and Omachron's methods, products, systems, services, or processes. To the extent that Dyson's alleged cause of action for infringement of Dyson's Asserted Counterclaim Patents are based on the doctrine of equivalents, Dyson is barred under the doctrine of prosecution history estoppel and/or other limits to allegations of infringement.

## SIXTH DEFENSE: FAILURE TO MARK

To the extent Dyson has failed to comply with the notice requirements of 35 U.S.C. § 287, Dyson is barred from all monetary relief for acts that occurred prior to Plaintiff providing actual notice to SharkNinja and Omachron. By way of example, Dyson's claims are barred, in whole or in part, as a result of failure to mark by Dyson or its licensee, or otherwise give proper notice that SharkNinja and Omachron's actions allegedly infringed Dyson's Asserted Counterclaim Patents, and SharkNinja and Omachron is not liable to Dyson for the acts alleged to have been performed before it received actual notice that it was allegedly infringing Dyson's Asserted Counterclaim Patents.

## SEVENTH DEFENSE: LIMITATION ON DAMAGES

Pursuant to 35 U.S.C. § 286, Dyson is barred from recovering any damages for acts that occurred more than six years before it filed the Complaint in this action.

## EIGHTH DEFENSE: NO EXCEPTIONAL CASE

Dyson cannot prove that this is an exceptional case justifying an award of attorneys' fees against SharkNinja and Omachron under 35 U.S.C. § 285 or otherwise.

## NINTH DEFENSE: EXPRESS LICENSE, IMPLIED LICENSE, PATENT EXHAUSTION, AND/OR THE SINGLE RECOVERY RULE

Dyson's claims are barred, in whole or in part, by express license agreements and/or under the doctrines of implied license, patent exhaustion, and/or the single recovery rule.

## TENTH DEFENSE:  EQUITABLE DEFENSES

Dyson's claims are barred, in whole or in part, by the doctrines of waiver, implied waiver, laches, acquiescence, equitable estoppel, unclean hands, and/or other equitable defenses.

## ELEVENTH DEFENSE:  28 U.S.C. § 1498

Dyson's claims of patent infringement are barred in whole or in part by 28 U.S.C. § 1498 to the extent Dyson claims infringement of devices sold to and/or designed for the United States.

## RESERVATION OF DEFENSES

SharkNinja and Omachron reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future, including (but not limited to) those related to the unenforceability of any claim of Dyson's Asserted Counterclaim Patents based on inequitable conduct, based on discovery and further factual investigation in this action.  Assertion of a defense is not a concession that SharkNinja and Omachron have the burden of proving the matter asserted.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

SharkNinja Operating LLC, SharkNinja Sales Company, SharkNinja Inc., Omachron Alpha Inc. and Omachron Intellectual Property Inc. (collectively, "SharkNinja/Omachron Counterclaimants") demand a jury trial and allege as follows against Dyson, Inc. and Dyson Technology Limited (collectively, "Dyson Counterclaim Defendants"):[1]

---

[1]  SharkNinja Inc., Omachron Alpha Inc. and Omachron Intellectual Property Inc. deny that they have made, used, offered to sell, sold, or imported any product accused of infringement by the Dyson Counterclaim Defendants, and do not believe that they are proper defendants to Dyson's counterclaims.  Nevertheless, because they were named in Dyson's counterclaims, SharkNinja

## NATURE OF THE ACTION

1. In this action, the Dyson Counterclaim Defendants have asserted by counterclaim against the SharkNinja/Omachron Counterclaimants that the SharkNinja/Omachron Counterclaimants infringe U.S. Patent Nos. 9,021,655 ("the '655 patent"); 10,292,556 ("the '556 patent"); and 10,786,127 ("the '127 patent") (collectively, "the Asserted Counterclaim Patents"). This is an action for declaratory judgment, seeking a declaration of noninfringement and invalidity with respect to the Asserted Counterclaim Patents under the patent laws of the United States, 35 U.S.C. § 100 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

## PARTIES

2. SharkNinja Operating LLC is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 89 A Street, Suite 100, Needham, Massachusetts 02494.

3. SharkNinja Sales Company is a Delaware Corporation organized and existing under the laws of Delaware, having a principal place of business at 89 A Street, Suite 100, Needham, Massachusetts 02494.

4. SharkNinja Inc. is a corporation organized under the laws of the Cayman Islands located at PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands.

5. Omachron Alpha Inc. is an Ontario company, having a principal place of business at 9 King Lane, P.O. Box 130, Hampton, Ontario, LOB IJO, Canada.

6. Omachron Intellectual Property Inc. is an Ontario company, having a principal place of business at 9 King Lane, P.O. Box 130, Hampton, Ontario, LOB IJO, Canada.

---

Inc., Omachron Alpha Inc. and Omachron Intellectual Property Inc. join SharkNinja Operating LLC and SharkNinja Sales Company as counter-counterclaimants.

7.     On information and belief, Dyson, Inc. is a corporation organized and existing under the laws of the State of Illinois, having a principal place of business at 1330 W. Fulton Street, 5th Floor, Chicago, Illinois 60607.

8.     On information and belief, Defendant Dyson Technology Limited is a private limited company organized and existing under the laws of the United Kingdom, having a principal place of business at Tetbury Hill, Malmesbury SN16 0RP, United Kingdom.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 100 et seq.

10.     This Court has personal jurisdiction over the Dyson Counterclaim Defendants because the Dyson Counterclaim Defendants voluntarily filed counterclaims for infringement against the SharkNinja/Omachron Counterclaimants in this District.  The Dyson Counterclaim Defendants have waived any claim that this Court lacks personal jurisdiction.

11.     Venue is proper in this District because the Dyson Counterclaim Defendants voluntarily filed counterclaims for infringement against the SharkNinja/Omachron Counterclaimants in this District.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '655 PATENT

12.     The SharkNinja/Omachron Counterclaimants incorporate the preceding Paragraphs as if fully set forth herein.

13.     The SharkNinja/Omachron Counterclaimants have not infringed and do not infringe any claim of the '655 patent, either literally or under the doctrine of equivalents, under 35

U.S.C. § 271, including but not limited to through making, using, selling, offering for sale, importing, and/or supplying any products accused of infringing the '655 patent.

14. Dyson's patent infringement allegations regarding the '655 patent have caused and, unless restrained and enjoined, will continue to cause irreparable harm to the SharkNinja/Omachron Counterclaimants that cannot be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law.

15. The SharkNinja/Omachron Counterclaimants are entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the '655 patent is not infringed by the SharkNinja Counterclaims or any products accused of infringement by the Dyson Counterclaim Defendants in their counterclaim for infringement of the '655 patent against the SharkNinja/Omachron Counterclaimants.

16. An actual case or controversy exists between the SharkNinja/Omachron Counterclaimants and the Dyson Counterclaim Defendants based on the Dyson Counterclaim Defendants' wrongful assertion of patent infringement against the SharkNinja/Omachron Counterclaimants, forming a justiciable controversy between the parties that is ripe for determination as to the '655 patent.

17. The conduct of the Dyson Counterclaim Defendants as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling the SharkNinja/Omachron Counterclaimants to the attorneys' fees and costs incurred in this action to vindicate its legal rights and to restore its ability to compete fairly.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '655 PATENT

18. The SharkNinja/Omachron Counterclaimants incorporate the preceding Paragraphs as if fully set forth herein.

19.     The claims of the '655 patent are invalid for failure to meet the requirements of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

20.     The SharkNinja/Omachron Counterclaimants are entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the '655 patent is not valid for failure to meet the requirements of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

21.     An actual case and justiciable controversy exists between the SharkNinja/Omachron Counterclaimants and the Dyson Counterclaim Defendants over the invalidity of the '655 patent.

22.     The conduct of the Dyson Counterclaim Defendants as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling the SharkNinja/Omachron Counterclaimants to the attorneys' fees and costs incurred in this action to vindicate its legal rights and to restore its ability to compete fairly.

### COUNT III
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '556 PATENT

23.     The SharkNinja/Omachron Counterclaimants incorporate the preceding Paragraphs as if fully set forth herein.

24.     The SharkNinja/Omachron Counterclaimants have not infringed and do not infringe any claim of the '556 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271, including but not limited to through making, using, selling, offering for sale, importing, and/or supplying any products accused of infringing the '556 patent.

25.     Dyson's patent infringement allegations regarding the '556 patent have caused and, unless restrained and enjoined, will continue to cause irreparable harm to the

SharkNinja/Omachron Counterclaimants that cannot be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law.

26.     The SharkNinja/Omachron Counterclaimants are entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the '556 patent is not infringed by the SharkNinja Counterclaims or any products accused of infringement by the Dyson Counterclaim Defendants in their counterclaim for infringement of the '556 patent against the SharkNinja/Omachron Counterclaimants.

27.     An actual case or controversy exists between the SharkNinja/Omachron Counterclaimants and the Dyson Counterclaim Defendants based on the Dyson Counterclaim Defendants' wrongful assertion of patent infringement against the SharkNinja/Omachron Counterclaimants, forming a justiciable controversy between the parties that is ripe for determination as to the '556 patent.

28.     The conduct of the Dyson Counterclaim Defendants as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling the SharkNinja/Omachron Counterclaimants to the attorneys' fees and costs incurred in this action to vindicate its legal rights and to restore its ability to compete fairly.

## COUNT IV
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '556 PATENT

29.     The SharkNinja/Omachron Counterclaimants incorporate the preceding Paragraphs as if fully set forth herein.

30.     The claims of the '556 patent are invalid for failure to meet the requirements of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

31.     The SharkNinja/Omachron Counterclaimants are entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the '556 patent is not valid for failure to meet the requirements of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

32.     An actual case and justiciable controversy exists between the SharkNinja/Omachron Counterclaimants and the Dyson Counterclaim Defendants over the invalidity of the '556 patent.

33.     The conduct of the Dyson Counterclaim Defendants as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling the SharkNinja/Omachron Counterclaimants to the attorneys' fees and costs incurred in this action to vindicate its legal rights and to restore its ability to compete fairly.

## COUNT V
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '127 PATENT

34.     The SharkNinja/Omachron Counterclaimants incorporate the preceding Paragraphs as if fully set forth herein.

35.     The SharkNinja/Omachron Counterclaimants have not infringed and do not infringe any claim of the '127 patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271, including but not limited to through making, using, selling, offering for sale, importing, and/or supplying any products accused of infringing the '127 patent.

36.     Dyson's patent infringement allegations regarding the '127 patent have caused and, unless restrained and enjoined, will continue to cause irreparable harm to the SharkNinja/Omachron Counterclaimants that cannot be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law.

37.     The SharkNinja/Omachron Counterclaimants are entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the '127 patent is not infringed by the SharkNinja Counterclaims or any products accused of infringement by the Dyson Counterclaim Defendants in their counterclaim for infringement of the '127 patent against the SharkNinja/Omachron Counterclaimants.

38.     An actual case or controversy exists between the SharkNinja/Omachron Counterclaimants and the Dyson Counterclaim Defendants based on the Dyson Counterclaim Defendants' wrongful assertion of patent infringement against the SharkNinja/Omachron Counterclaimants, forming a justiciable controversy between the parties that is ripe for determination as to the '127 patent.

39.     The conduct of the Dyson Counterclaim Defendants as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling the SharkNinja/Omachron Counterclaimants to the attorneys' fees and costs incurred in this action to vindicate its legal rights and to restore its ability to compete fairly.

## COUNT VI
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '127 PATENT

40.     The SharkNinja/Omachron Counterclaimants incorporate the preceding Paragraphs as if fully set forth herein.

41.     The claims of the '127 patent are invalid for failure to meet the requirements of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

42.     The SharkNinja/Omachron Counterclaimants are entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the '127 patent is not valid for failure to meet the requirements

of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

43.     An actual case and justiciable controversy exists between the SharkNinja/Omachron Counterclaimants and the Dyson Counterclaim Defendants over the invalidity of the '127 patent.

44.     The conduct of the Dyson Counterclaim Defendants as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling the SharkNinja/Omachron Counterclaimants to the attorneys' fees and costs incurred in this action to vindicate its legal rights and to restore its ability to compete fairly.

## PRAYER FOR RELIEF

WHEREFORE, the SharkNinja/Omachron Counterclaimants respectfully requests that this Court enter judgment in its favor as follows:

(a)     Declaring that the SharkNinja/Omachron Counterclaimants have not infringed and do not infringe any claim of the Asserted Counterclaim Patents, either literally or under the doctrine of equivalents;

(b)     Declaring that the Asserted Counterclaim Patents are invalid for failure to meet the requirements of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

(c)     Declaring this to be an exceptional case and awarding the SharkNinja/Omachron Counterclaimants their costs, expenses, and disbursements in this action, including reasonable attorney fees, pursuant to 35 U.S.C. § 285; and

(d)     Awarding the SharkNinja/Omachron Counterclaimants such further and additional relief that this Court deems just and proper.

**JURY DEMAND**

The SharkNinja/Omachron Counterclaimants request a trial by jury on all issues so triable.

Dated: September 24, 2024

/s/ Joseph J. Mueller

Joseph J. Mueller (#647567)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000
joseph.mueller@wilmerhale.com

Todd C. Zubler (*pro hac vice forthcoming*)
Wilmer Cutler Pickering Hale And Dorr LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
(202) 663-6000
todd.zubler@wilmerhale.com

Omar A. Khan (*pro hac vice forthcoming*)
Jeffrey A. Dennhardt (*pro hac vice forthcoming*)
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 230-8800
omar.khan@wilmerhale.com
jeffrey.dennhardt@wilmerhale.com

*Attorneys for SharkNinja Operating LLC, SharkNinja Sales Company, SharkNinja, Inc., Omachron Alpha Inc., and Omachron Intellectual Property Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 24, 2024.

*/s/ Joseph J. Mueller*
Joseph J. Mueller